```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAVEN'S LANDING, LLC, *d/b/a* Dr. Nature RX, et al.

                Plaintiffs,

-against-

NEW YORK STATE CANNABIS CONTROL BOARD, NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT, TREMAINE WRIGHT *in her official capacity as the Chairwoman of the New York State Cannabis Control Board*, and CHRIS ALEXANDER *in his official capacity as Executive Director of the New York State Office of Cannabis Management*,

                Defendants.

24-cv-1581 (MKV)

**ORDER**

---

MARY KAY VYSKOCIL, United States District Judge:

On March 1, 2024, Petitioners—through counsel—filed a Petition in this Court, purporting to commence this action. [ECF No. 1]. Petitioners are a group of hemp product makers, distributors, and sellers who primarily assert that new New York State cannabis regulations, which would illegalize many of their products, violate their federal constitutional rights. According to the petition, the regulations were adopted in November 2023, after a New York State court blocked enforcement of a set of similar emergency regulations that had been adopted in July. Five days after filing their Petition, Petitioners filed an *ex parte* motion for a preliminary injunction. [ECF No. 15].

The Petition and subsequent motion for a preliminary injunction raise several concerns for the Court. First, Petitioners have filed no proof of service on Defendants for either the Petition or the motion for preliminary injunction. *See* Fed. R. Civ. P. 3 ("The court may issue a preliminary

1

injunction *only on notice* to the adverse party."). Petitioners have provided no reason as to why service of the petition and motion papers is not necessary in this case.

Additionally, the Court harbors concerns that this action may be a state court action improperly dressed up as federal constitutional claims. For example, the Petition incorrectly asserts that "*[t]his Court* has subject matter jurisdiction to decide this Petition pursuant to New York Civil Practice Laws and Rules ("CPLR") § 7803 . . . [and] *[t]his Court* also has jurisdiction to render a declaratory judgment pursuant to CPLR § 3001." [ECF No. 1 at ¶ 19]. These allegations lend credence to the Court's concerns that this action, at its core, is a state action. *See e.g.*, *Morningside Supermarket Corp. v. New York State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) (An Article 78 proceeding "is a 'purely state procedural remedy,' 'designed to accommodate the state court system.' ") (first quoting *Camacho v. Brandon*, 56 F. Supp.2d 370, 380 (S.D.N.Y. 1999), then quoting *Herrmann v. Brooklyn Law Sch.*, 432 F. Supp. 236, 240 (E.D.N.Y. 1976)). In fact, the prior New York State case that blocked enforcement of the set of similar emergency regulations, and upon which Petitioners rely to argue likelihood of success on the merits for purposes of their preliminary injunction motion, was an Article 78 special proceeding. *See N. Fork Distribution, Inc. v. New York State Cannabis Control Bd.*, 81 Misc. 3d 952, 203 N.Y.S.3d 496 (N.Y. Sup. Ct. 2023).

Nonetheless, the Court need not reach those concerns at this time, because the action was simply improperly commenced. Specifically, Petitioners purported to commence this action—in *federal* court—by filing a "Verified Petition." [ECF No. 1]. In federal court, "the first step in an action is the filing of the *complaint*."[1] Fed. R. Civ. P. 3 (emphases added); *see also* Fed. R. Civ.

---

[1] The Court recognizes that there are *limited* types of actions that may be commenced by a petition, including petitions for writs of *habeus corpus* pursuant to 28 U.S.C. § 2254 and petitions to confirm and enforce final arbitration awards under 9 U.S.C. §§ 207 *et seq*. This case does not present one of these scenarios.

2

P. 7 ("Only these pleadings are allowed: (1) a *complaint*; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; . . . [etc.].") (emphasis added).  "Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."  *Ning Ye v. New York Bd. of Elections*, No. 20-cv-11072 (JPC), 2021 WL 37575, at *2 (S.D.N.Y. Jan. 5, 2021) (quoting *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986)); *see also Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed *complaint*, a court lacks power to issue preliminary injunctive relief.") (emphasis added); *Hernandez v. Sullivan*, No. 18-cv-606 (SMY), 2018 WL 1757601, at *2 (S.D. Ill. Apr. 12, 2018) ("Plaintiffs' request for injunctive relief is improper in any event because they have not actually initiated a lawsuit . . . because Plaintiffs failed to file a *Complaint*.") (emphasis added); *LeBoeuf, Lamb, Green & MacRae, LLP v. Abraham*, 180 F. Supp. 2d 65, 69 (D.D.C. 2001) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.").

Accordingly, Petitioners never properly initiated this action.  Therefore, the action is dismissed without prejudice for lack of subject matter jurisdiction.  The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  March 11, 2024**
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**